**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
1100 East Main Street, Suite 501, Richmond, Virginia 23219
www.ca4.uscourts.gov

April 30, 2013

___________________

No. 13-1560
(5:12-cv-00533-BO)
(8:12-bk-00569-RDD)

___________________

In re: CONSTRUCTION SUPERVISION SERVICES, INC.

Debtor

------------------------------

BRANCH BANKING & TRUST COMPANY

Appellant

v.

CONSTRUCTION SUPERVISION SERVICES, INC.

Debtor - Appellee

HANSON AGGREGATES SOUTHEAST, LLC; COUCH OIL COMPANY OF DURHAM, INC.; R.W. MOORE EQUIPMENT CO.; H.D. SUPPLY WATERWORKS, LTD; WATER WORKS SUPPLY, INC.; MSC WATERWORKS, INC.; GREGORY POOLE EQUIPMENT COMPANY; THOMAS CONCRETE OF CAROLINA, INC.; THE JOHN R. MCADAMS COMPANY, INCORPORATED

Creditors - Appellees

# DOCKETING NOTICE--CIVIL/AGENCY CASE

TO: Counsel

ATTACHMENT(S): Memorandum on Sealed and Confidential Information

DUE DATE: 14 days from this notice

- This case has been placed on the court's docket under the above-referenced number, which should be used on all documents filed in this case.
- Counsel should review the above caption and promptly bring any necessary corrections to the case manager's attention.
- In consolidated cases, filings should be made using all case numbers to which the filing applies, beginning with the lead case number.
- Electronic filing is mandatory for counsel in all Fourth Circuit cases. Information on obtaining an electronic filing account is available on the court's Internet site.
- In cases in which more than one attorney represents a party, future notices will be sent only to attorneys who have entered an appearance as counsel of record; other attorneys will be removed from the case.
- Counsel must remove from documents filed with this court any social security numbers, juvenile names, dates of birth, financial account numbers, home addresses in criminal cases, and protected information regarding unexecuted summonses, jurors, presentence investigations, statements of reasons in criminal judgments, and substantial assistance agreements. Any sealed material must be filed in accordance with the enclosed Memorandum on Sealed and Confidential Material. The court does **not** seal its docket; therefore, counsel must use sealed entries for all sealed filings.
- Initial forms must be filed as directed in the following table of forms. The forms, available through the links below or on the court's Internet site, can be completed on line and saved for filing in electronic form.

| **Form**: | **Required From:** | **Due:** |
| --- | --- | --- |
| **Appearance of Counsel** | Counsel of record for any party to the appeal (If not admitted to this court, counsel must complete and submit an **application for admission**.) | Within 14 days of this notice |
| **Disclosure** | All parties to a civil or bankruptcy case and all | Within 14 days of this |

| | | |
|---|---|---|
| **Statement** | corporate defendants in a criminal case (not required from the United States, from indigent parties, or from state or local governments in pro se cases) | notice |
| **Docketing Statement** | Appellant's counsel (not required after Rule 5 grant of permission to appeal) | Within 14 days of this notice |
| **Transcript Order** | Appellant, only if ordering transcript | Attach to docketing statement |
| **CJA 24** | Appellant, only if transcript is at court expense under Criminal Justice Act | Attach to docketing statement |

I will be the case manager for this case. Please contact me at the number listed below if you have any questions regarding your case.

Joy Hargett Moore, Deputy Clerk
804-916-2702

**Memorandum on Sealed and Confidential Materials**

**Internet Availability of Docket & Documents:** Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal. Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

**Federal Rules of Procedure:** The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

**Judicial Conference Privacy Policy:** In addition, the Privacy Policy for Electronic Case Files prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

**Local Rule 25(c)**: Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents. Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

**Sealed Volume of Appendix**: If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s) and to indicate that four sealed paper volumes have been sent to the court. Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.

- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. Four paper copies of certificate of confidentiality must accompany the four paper copies of the sealed appendix filed with the court..
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s) and to indicate that six public paper volumes have been sent to the court (five if counsel is court appointed). Paper copies of public volumes of appendix do not need to be served on other parties if they were served with full public appendix in electronic form.

**Sealed Version of Brief**: If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted and to indicate that four sealed paper copies have been sent to the court. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. Four paper copies of certificate of confidentiality must accompany the four paper copies of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which sealed material has been redacted and to indicate that eight paper copies have been sent to the court (six if counsel is court appointed). Paper copies of public brief do not need to be served on other parties.

**Sealed Version of Motions and Other Documents**: If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. No paper copies need be filed, but other parties must be served in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

**Motions to Seal**: If counsel believes it is necessary to seal the entire document and that it is not possible to create a public, redacted version of the document, counsel may file a motion to seal the entire document. The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal. The motion to seal must explain why it is necessary to seal the entire document and why a it is not possible to prepare a public, redacted version of the document.